Magistrate Judge Theresa L. Fricke

___ FILED  ___ LODGED
___ RECEIVED

OCT 23 2023

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-mj-05378 |
| Plaintiff, | |
| | COMPLAINT for VIOLATION |
| v. | |
| BRADY LEE ELTZ, | Title 18 U.S.C. §§ 922(g)(1) and (o) |
| Defendant(s). | |

BEFORE, Theresa L. Fricke, United States Magistrate Judge, U. S. Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

**COUNT ONE**
**(Unlawful Possession of a Firearm)**

On or about October 4, 2023, in Pierce County, within the Western District of Washington, BRADY LEE ELTZ, knowing he had been convicted of the following crime punishable by a term of imprisonment exceeding one year:

Complaint - 1
United States v. Eltz
USAO 2023R01098

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

      i.    *Unlawful Possession of a Firearm*, in United States District Court for the Western District of Washington, under case number CR12-5346RBL, on or about April 26, 2013;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is: a black H&K Model 45C .45 caliber handgun (bearing serial number 128-003202) with a SilencerCo, SWR, Model Octane 45 HD 45ACP silencer attached (bearing serial number OCT 45-0291), that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 2

### (Unlawful Possession of a Machinegun)

On or about October 4, 2023, in Pierce County, within the Western District of Washington, BRADY LEE ELTZ, knowingly possessed a machinegun, that is: a machinegun assembled using a Stag Arms Model Stag-15 Multi-Cal rifle lower receiver (bearing serial number W001825) with a SilencerCo, Model Omega .300Cal silencer attached (bearing serial number OMG7728).

All in violation of Title 18, United States Code, Section 922(o)

And the complainant states that this Complaint is based on the following information:

I, Nathan Petrulak, Special Agent, being first duly sworn on oath, depose and say:

### TRAINING AND EXPERIENCE

1.    I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed since March 6, 2018. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who

Complaint - 2
*United States v. Eltz*
USAO 2023R01098

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I am currently assigned to the Seattle Field Division in Seattle, Washington where I am assigned to the Seattle III Field Office.

2. I received formal training in the Federal Law Enforcement Training Center in Glynco, Georgia, Criminal Investigators Training Program, which familiarized me with basic narcotic investigations, drug identification and detection, familiarization with United States narcotics laws, financial investigations and money laundering, identification and seizure of drug-related assets, organized crime investigations, physical and electronic surveillance, and undercover operations.  In addition, I successfully completed a fifteen-week ATF Special Agent Basic Training course in Glynco, Georgia, which included comprehensive, formalized instruction in, among other things: firearms identification, firearms trafficking, arson and explosives, and tobacco and alcohol diversion. I am graduate of Point Park University where I received a Master's in Business Administration in 2014. Additionally, I am a graduate of the University of Pittsburgh where I received a Bachelor of Science in Biological Sciences in 2010. As a result of my training, experience, and that of other more experienced investigators, I understand the way narcotics are distributed and various roles played by individuals or groups involved in the distribution, along with unlawful use of firearms during crimes of violence and/or drug trafficking and firearms trafficking.

3. The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals who participated in this investigation, including other law enforcement officers; my review of documents and records related to this investigation; and information gained through my training and experience.  I have not included all facts known to me obtained in this investigation, but only those facts necessary to set forth probable cause in support of the offenses alleged above.

Complaint - 3
*United States v. Eltz*
USAO 2023R01098

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

# INVESTIGATION AND PROBABLE CAUSE

4. Based on my discussions with Fife Police Department (FPD) officers and detectives, as well as my review of a Pierce County Superior Court search warrant, FPD reports, body camera recordings, and my own participation in this investigation, I have learned the following information.

5. On October 4, 2023, FPD officers were dispatched to a local business in Fife, Washington, for a reported suspicious person at the business. The reporting party, L.W., is a manager of the business and called dispatch to report a customer, later identified as BRADY LEE ELTZ, who was at the location to get the rear glass on his black Mazda 3 replaced. L.W. told dispatch that the vehicle had approximately five firearms in the trunk of the vehicle and there appeared to be bullet holes possibly fired from the inside of the vehicle. L.W. described ELTZ as a white male in his 30s with neck tattoos, approximately 6'1 tall and weighing 250 pounds, wearing a black hat, black jacket with a black shirt, and jeans. L.W. described the vehicle as a black 2015 Mazda 3 bearing WA license plate CEV8410. FPD officers conducted records checks and learned that M.E.P. is the vehicle's registered owner. Officers also learned that ELTZ had a criminal history and is previously convicted felon who is prohibited from possessing firearms.

6. When FPD Officer Karen Asriyan arrived, she noticed a male matching ELTZ's description standing outside of the business on his cell phone. When officers pulled into the business, ELTZ immediately walked inside. Within a few seconds of ELTZ walking into the business, FPD Officers Asriyan and Angelito Quinto spoke with a female employee who stepped outside the glass front door of the business and asked officers to follow her inside. Officers could see ELTZ stepping into what officers learned was a bathroom at the business. As Officers Asriyan and Quinto approached the glass front door, Officer Quinto saw ELTZ walking away from the bathroom towards the front door. Officers Quinto and Asriyan went into the business and contacted ELTZ, who was

Complaint - 4
*United States v. Eltz*
USAO 2023R01098

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

approximately 2 to 3 feet away from the bathroom. Officers Quinto and Asriyan cuffed ELTZ and detained him without incident. ELTZ was escorted outside of the business and handed over to other officers.

7. Officer Quinto searched the bathroom. Upon opening the bathroom vanity, Officer Quinto notified dispatch that he located two firearms, a 50 round high-capacity style drum magazine, and two additional magazines, all of which were loaded with live rounds. One of the firearms was a silver H&K USP Compact 9mm handgun (bearing serial number 27-000297), which was secured in a holster. As Officer Quinto made the firearm safe by pulling back the slide and securing it in the lock position, a live 9mm round ejected from the barrel. The second firearm was a black Glock Model 19 9mm handgun (bearing serial number BFAL750) with no magazine. As Officer Quinto made that firearm safe by pulling back the slide and securing it in the lock position, a live 9mm round ejected from the barrel. Officer Quinto noticed the drum magazine in the vanity appeared to match the Glock magazines, which led Officer Quinto to believe the drum magazine was initially loaded into the Glock. Officer Quinto also observed the Glock had a small metallic device located at the rear of the slide. That device is an illegal selector switch also known as an "auto-sear," which converts a semi-automatic Glock to an automatic firearm, i.e., a machinegun. After a routine records check, Officer Quinto further discovered the Glock has been reported stolen. The photograph on the next page shows the firearms and magazines in the business's bathroom vanity.

Complaint - 5
*United States v. Eltz*
USAO 2023R01098

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800



8. A search of ELTZ incident to arrest yielded two knives, two ski masks, two loaded 9mm Glock magazines (in ELTZ's interior jacket pocket), another "auto sear" device in a Ziploc-style baggie, several hundred dollars in cash, a glass pipe with burnt residue in the bowl, and another Ziploc-style baggie containing trace amounts of a crystalline-like substance consistent in appearance with methamphetamine.

9. Officers Quinto and Asriyan obtained statements from five of the business's employees and learned that when ELTZ had arrived at the business he wanted to know if he could watch the rear glass being replaced and whether the repair personnel would need access to the trunk. ELTZ learned that he could not watch, and that personnel would need access to the trunk. ELTZ opened the trunk and an employee saw firearms inside, which ELTZ tried to cover up by moving bags in the trunk over the top of the weapons. ELTS stated he had "illegal shit" in the trunk. Another employee was inside the business when ELTZ came in and asked to use the bathroom. That employee then heard noises consistent with items being placed in the vanity under the sink. ELTZ was in the bathroom no longer than two minutes.

10. Officer Quinto then walked to the back of the business and into the garage where ELTZ's vehicle was. Officer Quinto could see the back window was missing and

Complaint - 6
*United States v. Eltz*
USAO 2023R01098

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

saw what appeared to be a bullet hole in the top of the front passenger door frame. Officer Quinto believed the bullet hole was consistent with a firearm being fired from inside the vehicle outward. FPD Officer Pomeroy secured ELTZ's vehicle with evidence tape, contacted Fife Towing, then followed the tow truck transporting the vehicle into FPD secured storage to await issuance of a search warrant.

11. Detective Sgt. Travis Kenyon applied for and was granted a Pierce County Superior Court search warrant for the black Mazda 3 (WA plate CEV8410) that ELTZ had driven to the business. After they took initial photographs of the vehicle, Detective Sgt. Kenyon and Sgt. Dan Goff started searching the vehicle, cataloging and removing the firearms just inside the open trunk to include a machinegun assembled using a Stag Arms Model Stag-15 Multi-Cal rifle lower receiver (bearing serial number W001825 and confirmed stolen) with a SilencerCo, Model Omega .300Cal silencer attached (bearing serial number OMG7728 and confirmed stolen); a black H&K Model 45C .45 caliber handgun (bearing serial number 128-003202 and confirmed stolen) with a SilencerCo, SWR, Model Octane 45 HD 45ACP attached (bearing serial number OCT 45-0291); and a Mossberg shotgun Model 500A 12G (bearing serial number K663365).

12. As the search continued, Detective Sgt. Kenyon removed a black bag from the trunk, opened it, then noticed what looked to be a fused military explosive device and what appeared to be a larger fused improvised explosive device (IED). The search was immediately stopped, Pierce County Sheriff's Office (PCSO) bomb technicians were called to respond, and the area around the vehicle, including nearby buildings, was evacuated. PCSO Bomb Technician (BT) Greg McClendon, ATF Special Agent Certified Explosive Specialist/Bomb Technician (SACES/BT) Adam Pileggi, and I responded.

13. BT McClendon and SACES/BT Pileggi inspected the two suspicious items. Looking at the suspected military explosive, BT McClendon recognized it as a military artillery simulator device which he knows to be commonly used in military training to create training battlefield effects. BT McClendon understands the military nomenclature

Complaint - 7
United States v. Eltz
USAO 2023R01098

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

for this device is "Simulator, Projectile, Ground Burst, M115A2." BT McClendon has substantial personal experience with safely using these devices in the US Army, including being responsible for the safe employment of hundreds of them this past summer during military reserve annual training. BT McClendon understands these devices to contain approximately two ounces of photoflash powder. Consumer fireworks must contain no more than 50 milligrams of flash powder for ground devices and no more than 130 milligrams for aerial devices, making the device in ELTZ's trunk substantially over the legal consumer fireworks limits. BT McClendon understands the explosion from these devices can be heard blocks away and can cause serious bodily injury to anyone too close or in an enclosed space with them. BT McClendon and SACES/BT Pileggi believe the artillery simulator appeared unused, unmolested, and maintained its stock manufactured condition. They collected the artillery simulator and placed it in a "frag bag" for later transportation to a secure PCSO facility.

14. BT McClendon and SACES/BT Pileggi then inspected the larger device. SACES/BT Pileggi described it as appearing to be a thick cardboard tube, plugged on both ends, approximately 6" in length and 2" in diameter, with a red fuse approximately 3" in length coming out of one end. SACES/BT Pileggi described the entire device being wrapped in a clear cellophane type material. BT McClendon and SACES/BT Pileggi conducted an X-ray of the suspected device revealing what appeared to be a powder line. BT McClendon and SACES/BT Pileggi remotely disassembled and vented the device, revealing it to be almost completely filled with a fine dark gray powdery substance. SACES/BT Pileggi conducted a flame test on the dark gray powder which showed the powder be energetic in nature.[1] The disassembled device and bulk energetic powder were placed into a "frag bag" for transportation to a secure PCSO facility. BT McClendon and

---

[1] A flame test involves taking a small sample from a bulk unknown substance and attempting to ignite it in open air unconfined.

Complaint - 8
United States v. Eltz
USAO 2023R01098

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

SACES/BT Pileggi later weighed the bulk powder and took several samples for future lab analysis. The following photo shows this device before it was disassembled.



15.     After the explosives had been cleared, Detective Sgt. Kenyon and Sgt. Goff continued their search of ELTZ's vehicle and found the following additional items: a Galil Model 372 Magnum Research rifle bearing SN: MR02727; an Anvil Arms Model AA15 Beowulf Multi-Cal rifle bearing SN: AA006484; 24 various rifle and pistol magazines and hundreds of rounds of ammunition; face masks, to include a black armored face mask with "Hasta La Muerte" written on it and three realistic elderly male silicone masks; body armor, to include a Level 3 ballistic helmet, torso body armor, and groin body armor; gun accessories, to include a military Raytheon Thermal Weapons scope, red dot optic, a barrel flash hider, gun holsters, tactical bags, and pouches; several knives; a voice-changing device; GPS trackers; and several documents/items with ELTZ's name on them. The photo on the next page shows the items – other than the two explosive devices – recovered from ELTZ's trunk.

Complaint - 9
*United States v. Eltz*
USAO 2023R01098

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800



16. Sgt. Goff observed that the Stag rifle had been modified from its original construction into a machinegun. From the outside of the rifle, he could see that a "third hole" had been drilled into the lower receiver of the rifle, above the safety selector switch. Sgt. Goff recognized that this was done to allow the installation of an auto-sear device. With the rifle separated, Sgt. Goff found that an M-16 auto-sear was installed in the "third hole." Sgt. Goff could also see the upper shelf behind the trigger group had also been milled out, allowing the installation of an M-16 automatic trigger group and selector switch. Sgt. Goff reassembled the rifle and checked its functionality. Sgt. Goff found that when the action was cycled and the trigger pressed, with the gun safety in the third position, the trigger actuated. While holding the trigger down and the action cycling in this mode, he could feel the hammer moving forward, indicating automatic fire if loaded. Sgt. Goff is an AR-15/M-16 certified armorer and, without live-firing the weapon, believes that this rifle is a successfully converted M-16 style automatic weapon based on the physical modifications his manipulation of it.

Complaint - 10
*United States v. Eltz*
USAO 2023R01098

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

17. I also inspected the Stag rifle. I made similar observations as Sgt. Goff, noticing the addition of a "third hole" in the lower receiver and the ability of the safety selector switch to rotate to a third position, which I suspected to be the automatic position. Opening the rifle, I could see the lower receiver had been machined to accept an auto-sear device and I could see what appeared to be an auto-sear device installed. I also performed a function check of the rifle by placing the selector switch into the suspected automatic position, cycling the action, then depressing the trigger which released the hammer. While still depressing the trigger, I attempted to get the hammer to fall again by cycling the action then releasing the trigger and pulling the trigger again. This time the hammer did not fall, indicating that the weapon is functioning as a machinegun. Based on my observations along with my training and experience, I likewise believe that this rifle has been converted to a machinegun.

18. I have reviewed court and law enforcement records related to BRADY LEE ELTZ's criminal history. These records show ELTZ is a convicted felon, which prohibits him from possessing firearms. Specifically, ELTZ was convicted in the United States District Court for the Western District of Washington, for Unlawful Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1). On April 26, 2013, he was sentenced to serve 60 months in prison.

19. ATF Special Agent Brian Arnold is an interstate nexus expert who has received specialized training in identifying firearms and their place of manufacture. SA Arnold has examined photographs of the black Glock Model 19 9mm handgun (bearing serial number BFAL750) and the black H&K Model 45C .45 caliber handgun (bearing serial number 128-003202) with a SilencerCo, SWR, Model Octane 45 HD 45ACP silencer attached (bearing serial number OCT 45-0291). SA Arnold has determined the Glock and the H&K were both manufactured outside the State of Washington. Therefore, the firearms must have traveled in interstate or foreign commerce before ELTZ possessed them in the State of Washington.

Complaint - 11
*United States v. Eltz*
USAO 2023R01098

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Based on the above facts, I respectfully submit that there is probable cause to believe that BRADY LEE ELTZ did knowingly and intentionally possess a firearm in violation of Title 18, United States Code, Section 922(g)(1), and did knowingly and intentionally possess a machinegun in violation of Title 18, United States Code, Section 922(o).

NATHAN PETRULAK, Complainant
Special Agent, ATF

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this __23rd__ day of October 2023.

THERESA L. FRICKE
United States Magistrate Judge

Complaint - 12
United States v. Eltz
USAO 2023R01098

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800